In the Matter of the Claim of AGNES STEVENSON, Respondent, against OTTO BEHME et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and his carrier appeal from a decision and award in a death case, directing the payment of $11,729.37 to the widow of a deceased workman and to the Aggregate Trust Fund. It is not disputed that decedent sustained an industrial accident. The chief issue is whether there was substantial evidence to support the finding of the board that his death was causally related to the accident. Decedent was a baker, and while engaged in the course of his employment he fell against the steel prongs of a pan rack. As a result of that accident he suffered a fracture of the ninth and eleventh ribs. The physician who attended him said he suffered acute pain and was in a state of shock immediately after the accident. He was bandaged, given a sedative and carried home. Early on the morning of the following day he had apparently recovered from the state of shock and his blood pressure was about normal. The following day he collapsed in the bathroom of his own home and died. It was the opinion of his attending physician, although the latter did not see decedent after the second morning, that the accident and a pre-existing condition of coronary sclerosis and stenosis were both contributory causes of death. There was strong medical testimony to the contrary but the opinion of the attending physician was supported by the concatenation of events and we cannot say as a matter of law that the board had no substantial evidence upon which to base its finding that the accident was causally related to the decedent's death. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

In the Matter of the Claim of JACK SHAPIRO, Respondent, against CENTURY PRINTING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from an award of the Workmen's Compensation Board, filed February 13, 1953, for disability benefits under the Workmen's Compensation Law. Claimant asserts that he has a recurring back injury after a previous accident. Appellants contend that there is no medical testimony causally connecting his present condition with his present employment. The record indicates only a conflict of medical testimony on this subject. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.